GEORGIA,
Chatham Co.
JUNE, 1807.

Ex. of Houston
vs.
Mossman.

*Minutes of Superior Court, letter F. p. 345.*

EXECUTRIX of HOUSTON *vs.* JAMES MOSSMAN.

### JUDGMENT.

IT is stated, that the plaintiff obtained a judgment in the inferior court, on the 24th February, 1801, against the late *James Mossman*, on his bond, dated 23d May, 1775, conditioned for 297 dollars. The judgment was for the *penalty*, the *principal*, and *interest*, on that day, amounting to the penalty, to wit, for 5956 dollars and 20 cents. On this judgment the plaintiff issued execution, and claimed interest on the judgment up to the time of payment. This was objected to by the representatives of the defendant, and the question was referred to the justices of the inferior court of this county, at the last term in July. The justices of the court, on hearing the argument, decided, that the judgment did not carry interest. From that decision, the plaintiff appealed, and the subject is brought before this court for a final decision.

*Two questions are made :*

1. Do judgments carry interest ?

2. If they do, is there any thing in this case to take it out of the general rule ?

The plaintiff claims interest on the following grounds :

1. A judgment is a liquidated demand, and as such, carries interest.

2. It is agreeable to the uniform practice of the courts for the plaintiffs to charge and receive interest.

3. The action is founded in reason and justice.

The defendant objects :

1. That the judgment is a final liquidation, and cannot be increased by interest.

2. That at the time of the entry of the judgment the pe- GEORGIA,
nalty was due, and has since been satisfied ; and the plaintiff Chatham Co.
JUNE, 1807.
can go no farther.

Ex. of Houston
vs.
*Per Curiam.* It is a settled point, that all liquidated de- Mossman.
mands carry interest. A judgment is a liquidated demand of
the highest dignity. The penalty of the bond, it is said, is
the utmost of the debt ; but when a judgment is passed on it,
there is an end of the original contract. The bond is merged
in the judgment. There is a new debt created. The
execution, under our judicial system, keeps the judgment
alive, and the creditor has it in his power, at any time, until
the judgment be satisfied, to compel immediate payment. If,
therefore, there be a case in which a creditor be entitled to
interest to recompense the delay of payment, the forbear-
ance on a judgment must certainly entitle a creditor to in-
terest. It has been the uniform custom of plaintiffs to use
forbearance, and to charge and receive interest thereupon ;
and the claim is clearly founded in reason and justice.

The plaintiff in this case is, therefore, entitled to interest
on the judgment, up to the time of payment.

*Woodruff*, for Plaintiff.
*Noel*, for Defendant.